IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 24-3138-BAH |
| JOHN DOE, subscriber assigned IP address, 96.234.208.130, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Strike 3 Holdings, LLC ("Strike 3") brought suit against Defendant John Doe ("Doe") alleging copyright violations. ECF 1. Pending before the Court is Defendant's motion to quash Plaintiff's third-party subpoena, or, alternatively, vacate the Court's November 7, 2024 order granting Plaintiff's request to serve a third-party subpoena (*see* ECF 5). ECF 8. Plaintiff filed an opposition, ECF 10. All filings include memoranda of law, while Plaintiff's opposition includes exhibits.[1] In addition, Plaintiff has filed a motion for extension of time to effectuate service on Defendant. ECF 16. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendant's Motion is **DENIED** while Plaintiff's motion is **GRANTED**.

### I.     BACKGROUND

Plaintiff is an adult entertainment production company and operator of various websites which provide adult entertainment content to paying subscribers. ECF 1, at 1 ¶¶ 2–3. This action

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

arises out of Plaintiff's allegation that an individual with the IP address 96.234.208.130 used "the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures."[2]  *Id.* at 5 ¶ 28.  Using an infringement detection system called "VXN Scan," Plaintiff says, it "captured transactions from Defendant sharing specific pieces of 35 digital media files that have been determined to be identical (or substantially similar) to a copyrighted work(s) that Plaintiff owns."  *Id.* at 6 ¶ 37.  Shortly after filing its complaint, Plaintiff brought a motion for leave to serve a third-party subpoena on the Internet Service Provider ("ISP") which assigned the IP address of the individual distributing Plaintiff's content through the BitTorrent network.  ECF 4.  Plaintiff argued that such a subpoena was necessary because it could only determine the name and address of the individual behind the IP address through information held by the ISP.  ECF 4-1, at 5.

On November 7, 2024, the Court granted Plaintiff's motion and allowed it to serve a third-party subpoena on the ISP.  ECF 5, at 1.  The Court stipulated that the ISP should delay producing the subpoenaed information until it had provided the individual subscriber behind the IP address with notice that an action had been filed against them; a copy of the complaint, subpoena, and order; and notice that the ISP would comply with the subpoena unless the subscriber filed a motion to quash the subpoena within thirty days of service.[3]  *Id.* at 3.  On December 13, 2024, Defendant

---

[2] Plaintiff describes BitTorrent as "a system designed to quickly distribute large files over the internet" through a peer-to-peer network which enables BitTorrent users to directly "connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users."  ECF 1, at 4 ¶ 17.

[3] The Court's November 7 order imposed other procedural requirements, namely, restrictions on Plaintiff's handling and use of the subpoenaed information as well as a prohibition on Plaintiff initiating any settlement communications with any unrepresented defendant whose information was revealed pursuant to the subpoena.  ECF 5, at 5.

Doe entered, through counsel, the pending motion to quash, or alternatively to vacate the Court's November 7 order. ECF 8.

## II.   DISCUSSION

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena.[4] "Under Federal Rule of Civil Procedure 45, a subpoena may be quashed if it (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond certain geographical limits, (3) requires disclosure of privileged or other protected matter, or (4) subjects a person to undue burden." *Malibu Media, LLC v. Doe*, Civ. No. 15-1042-TDC, 2016 WL 593502, at *1 (D. Md. Feb. 12, 2016) (citing Fed. R. Civ. P. 45(d)(3)). Defendant offers three arguments in support of the motion to quash, and the Court addresses each in turn.[5]

Defendant first argues that Plaintiff's subpoena should be quashed because Plaintiff fails to allege facts "specifying that John Doe accessed Plaintiff's works, but instead, conflate[s] access at the specified IP address with access exercised by 'John Doe[.]'" ECF 8-1, at 4. In essence, Defendant argues that Plaintiff fails "to state a claim against Defendant upon which relief can be

---

[4] Defendant also references Federal Rules of Civil Procedure 60(b) and 60(c), which govern circumstances where a party may seek relief from a judgment or order. Rule 60(b) provides that courts may relieve a party from a final judgment or order in instances of, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect" or "fraud . . . , misrepresentation, or misconduct by an opposing party." Defendant appears to reference this standard in the motion but does advance any arguments thereunder. The Court will therefore treat the motion as a motion to quash. *See Strike 3 Holdings, LLC v. Doe*, Civ. No. 21-1558-GJH, 2022 WL 169698, at *1 n.1 (D. Md. Jan. 19, 2022) (treating a motion styled as a "Motion to Quash or Vacate" as a motion to quash where the defendant made "no arguments as to vacatur").

[5] The parties do not dispute that Defendant has standing to bring the motion to quash. "A party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *Third Degree Films, Inc. v. Does 1-108*, Civ. No. 11-3007- DKC, 2012 WL 669055, at *2 (D. Md. Feb. 28, 2012) (internal quotations omitted). Defendant asserts "a personal privacy interest in the information sought," ECF 8-1, at 3, which Plaintiff does not deny. The Court therefore concludes that Defendant has standing to contest the subpoena.

granted." *Id.* (citing Fed. R. Civ. P. 8(a); 12(b)(6)).  When faced with similar arguments, other courts in this district have found them to "fall outside the scope of a Motion to Quash[.]" *Malibu Media, LLC v. Doe*, Civ. No. 16-655- GJH, 2016 WL 7235662, at *1–2 (D. Md. Dec. 13, 2016); *see also Strike 3 Holdings, LLC v. Doe*, Civ. No. 19-396-GJH, 2020 WL 917090, at *3 (D. Md. Feb. 25, 2020) ("Even if arguments about the sufficiency of Plaintiff's allegations were properly to raise at this stage, it takes no great imagination to see how evidence that a file was downloaded by a certain IP address could support a plausible claim that the file was downloaded by the subscriber at that IP address." (internal quotation omitted)).  The subpoena may therefore not be quashed on these grounds.

Further, Defendant contends, Plaintiff has failed to show that it lacks access to other means of obtaining the subpoenaed information and so its subpoena must be quashed.  ECF 8-1, at 5.  Defendant points to Plaintiff's use of MaxMind's geolocation services and argues that the MaxMind technology provides Plaintiff with more information than Plaintiff has acknowledged, including the postal code, city, and approximate latitude and longitude of the IP address. *Id.* at 6.  According to Defendant, because Plaintiff failed to identify other attempts it made to locate Defendant "based on the narrow location information provided by MaxMind," the Court should quash the subpoena. *Id.*   While failure to exhaust other means of obtaining the subpoenaed information is not explicitly contemplated by Rule 45, the rule's provision that a subpoena may be quashed for undue burden implicitly contemplates "whether the information is necessary and whether it is available from any other source." *In re Polymer Sols. Int'l, Inc.*, Civ. No. 18-1864-DKC, 2019 WL 1239778, at *9 (D. Md. Mar. 18, 2019) (quoting Charles Alan Wright & Arthur R. Miller *et al.*, 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed. 2018)).  However, Rule 45 is concerned with the burden placed on the entity subject to the subpoena, not third parties. *Id.* (citing *Third*

4

*Degree Films, Inc. v. Does 1–108*, Civ. No. 11-3007-DKC, 2012 WL 669055, *3 (D. Md. Feb. 28, 2010)). Though Defendant argues that Plaintiff's geolocation software allows it to determine further information without subpoenaing the ISP (a characterization that Plaintiff disputes, *see* ECF 10, at 8), Defendant "fails to provide evidence that [the ISP] *does not* possess unique information" about the individual assigned the IP address in question and therefore does not indicate that the subpoena would "impose an undue burden" on the ISP. *In re Polymer Sols.*, 2019 WL 1239778, at *9 (emphasis in original).

      Defendant's final argument is that the subpoena should be quashed so as to "protect Defendant from annoyance, embarrassment, and undue burden." ECF 8-1, at 6. Though the Court appreciates Defendant's concern for potential reputational harms, it reiterates that "the undue burden contemplated by Rule 45 is one placed on the direct recipient of the subpoena, the ISP in this case, not on third parties" such as Defendant. *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 556 (D. Md. 2012). The protections the Court outlined in its November 7 order will continue to apply: Plaintiff must mark the identifying information received from the ISP as "Highly Confidential"; may only use it to determine whether it has sufficient information to amend the complaint to name an individual defendant; may not disclose the information to "any person not directly involved as an attorney in representing Strike 3 in this copyright infringement action relating to the Information received"; must require every person to whom the information is disclosed to sign an agreement to be bound by the provisions of the order; and must file any amended complaint naming an individual defendant so that the individual's name and "any specifically identifying information is redacted from the publicly available court docket, to be replaced by first and last initials only, with an unredacted copy of the amended complaint filed under seal." ECF 5, at 4–5. Moreover, the order stipulates that Plaintiff must engage in settlement

only under the supervision of "one or more Magistrate Judges designated by the Court," with such negotiations "subject to the confidentiality provisions of Local Rule 607.4." *Id.* at 6. Though the Court will deny Defendant's motion to quash the subpoena, all of these protections shall remain in force.

### III.    CONCLUSION

For the foregoing reasons, Defendant's motion to quash is DENIED. Furthermore, Plaintiff's motion for extension of time to effectuate service on Defendant is GRANTED. Though Defendant urges the Court to exercise its discretion to deny Plaintiff's motion for extension of time, *see* ECF 18, the Court determines that an extension beyond the original 90-day period is warranted, as Plaintiff did not have, and indeed could not have had, access to the information necessary to effectuate service on Defendant. Plaintiff shall therefore have until Monday, May 12, 2025 to serve Defendant.

A separate implementing Order will issue.

Dated: <u>April 9, 2025</u>                                          /s/
                                                                    Brendan A. Hurson
                                                                    United States District Judge